UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HERLIN PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civ. A. No. 1:20-cv-00453 |
| NORTH PROVIDENCE PRIMARY CARE ) | |
| ASSOCIATES, INC. and ANTHONY G. ) | |
| FARINA, M.D., ) | **JURY DEMAND** |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Herlin Perry, brings this action against Defendants, North Providence Primary Care Associates, Inc. and Anthony G. Farina, M.D. (collectively, "Defendants") for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA"), the Rhode Island Minimum Wage Act, R.I. Gen. Laws § 28-12-1 *et seq*. (the "RIMWA"), and the Rhode Island Payment of Wages Act, 28-14-1 *et seq*. (the "RIPWA").

### The Parties

1. Plaintiff, Herlin Perry ("Mr. Perry"), is an individual who resides in East Greenwich, Rhode Island.

2. From 2011 until August 2020 (the "Relevant Time Period"), Mr. Perry was an "employee" of the Defendants within the meaning of R.I. Gen. Laws § 28-12-2(5) of the RIMWA, R.I. Gen. Laws § 28-14-1(2) of the RIPWA, and 29 U.S.C. § 203(e)(1) of the FLSA.

3. Defendant, North Providence Primary Care Associates, Inc. ("NP Primary Care"), is a Rhode Island corporation having its principal place of business at 1830 Mineral Spring Avenue, North Providence, Rhode Island.

1

4. During the Relevant Time Period, NP Primary Care operated, managed, and maintained a primary care physician's office.

5. During the Relevant Time Period, NP Primary Care was an "employer" within the meaning of R.I. Gen. Laws §§ 28-12-2(6) and 28-14-1(3) of the RIMWA and 29 U.S.C. § 203(d) of the FLSA.

6. Defendant, Anthony G. Farina, Jr., M.D. ("Dr. Farina"), is a resident of Johnston, Rhode Island.

7. During the Relevant Time Period, Dr. Farina was a physician licensed by the State of Rhode Island to practice medicine.

8. During the Relevant Time Period, Dr. Farina was the president of NP Primary Care.

9. During the Relevant Time Period, Dr. Farina, upon information and belief, was the sole shareholder of NP Primary Care.

10. Dr. Farina was an "employer" within the meaning of R.I. Gen. Laws §§ 28-12-2(6) and 28-14-1(3) of the RIMWA and 29 U.S.C. § 203(d) of the FLSA.

11. Dr. Farina caused NP Primary Care to undercompensate Mr. Perry by (i) exercising managerial and operational control over significant aspects of NP Primary Care's business, (ii) exercising economic control over NP Primary Care's relationship with Mr. Perry, and (iii) setting and enforcing employment policies as to payroll and the classification of employees.

12. Dr. Farina is personally liable, jointly and severally with NP Primary Care, for undercompensating Mr. Perry in violation of state and federal law, namely, the FLSA, the RIMWA and the RIPWA.

## Jurisdiction and Venue

13. The Court has original federal question jurisdiction under 28 U.S.C. § 1331 premised on the FLSA claim and pursuant to 29 U.S.C. § 216(b).

14. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims derive from a common nucleus of operative facts.

15. Venue is proper in this District in accordance with 28 U.S.C. § 1391.

## Statement of Facts

16. In 2011, Mr. Perry was hired by Dr. Farina to perform maintenance and janitorial services for NP Primary Care.

17. During the Relevant Time Period, Mr. Perry was assigned various other tasks such as making bank deposits; transferring patient charts, money, mail and supplies between Dr. Farina's businesses; ordering and picking up office supplies and toiletries; collecting rent from Dr. Farina's residential tenants; and meeting with contractors to provide access to Dr. Farina's businesses.

18. During the Relevant Time Period, Defendants classified Mr. Perry as an independent contractor, rather than as an employee.

19. Based on the economic realities of the parties' relationship, Mr. Perry did not qualify as an independent contractor under state or federal law.  Specifically:

    a. Mr. Perry was not engaged in a distinct occupation or business.

    b. Mr. Perry performed work that was integral to Defendants' business.

    c. Mr. Perry did not possess any special skills, judgment or initiative.

    d. Mr. Perry performed various tasks for Defendants as part of Defendants' usual business operations.

  e. Defendants controlled the direct manner in which Mr. Perry performed his work, including the nature and degree of the work.

  f. Defendants paid Mr. Perry an hourly wage on a weekly basis.

  g. Mr. Perry worked for Defendants on an ongoing and permanent basis for nine (9) years.

  h. Defendants had an unlimited right to discipline and terminate Mr. Perry at will.

  i. Defendants required Mr. Perry to work a set schedule and to report to work at a designated time.

  j. Mr. Perry did not use any of his own tools or equipment in his work.

  k. Mr. Perry's compensation did not provide any opportunity for profit or loss dependent on any special skill set or ability of his own.

20. During the Relevant Time Period, Mr. Perry regularly worked for Defendants in excess of forty (40) hours in a week.

21. During the Relevant Time Period, Mr. Perry worked many holidays for Defendants.

22. Defendants never paid Mr. Perry 1 ½ times his hourly wage for hours worked on a holiday or in excess of forty (40) hours in a week.

23. Defendants always paid Mr. Perry his straight hourly wage for hours worked regardless of whether Mr. Perry worked more than forty (40) hours in any given week or worked a holiday.

24. Defendants never contributed to payroll/FICA taxes relative to Mr. Perry.

25. Defendants issued 1099-MISC forms annually to Mr. Perry instead of W-2 forms.

26. Defendants willfully and repeatedly violated the FLSA as well as the RIMWA and RIPWA by misclassifying Mr. Perry as an independent contractor and refusing to (i) pay him 1 ½ times his hourly wage for hours worked on a holiday or in excess of forty (40) hours in a week and (ii) contribute to Mr. Perry's payroll/FICA taxes.

27. During the Relevant Time Period, Dr. Farina began directing that Mr. Perry be paid and/or issued 1099-MISC forms from other businesses under Dr. Farina's ownership and control for the purpose of anticipatorily defending against a misclassification claim by Mr. Perry so he could argue that Mr. Perry never worked in excess of forty (40) hours in any given week for any one of Dr. Farina's businesses.

## Count I
## Fair Labor Standards Act, 29 U.S.C. § 207
## (Failure to Pay Wages Due)

28. The prior paragraphs are incorporated by reference as if set forth herein in their entirety.

29. Defendants' failure to pay Mr. Perry 1 ½ times his hourly wage for hours worked on a holiday or in excess of forty (40) hours in a week violates 29 U.S.C. § 207(a) of the FLSA.

## Count II
## Rhode Island General Laws § 28-14-19.1
## (Misclassification of Employee)

30. The prior paragraphs are incorporated by reference as if set forth herein in their entirety.

31. During the Relevant Time Period, Mr. Perry was a person suffered or permitted to work by an employer.

32. Defendants' misclassification of Mr. Perry as an independent contractor, rather than as an employee, and their failure to contribute to Mr. Perry's payroll/FICA taxes violates R.I. Gen. Laws § 28-14-19.1 of the RIPWA.

## Count III
### Rhode Island General Laws § 28-12-3
### (Failure to Pay Wages Due)

33. The prior paragraphs are incorporated by reference as if set forth herein in their entirety.

34. Defendants' failure to pay Mr. Perry 1 ½ times his hourly wage for hours worked on a holiday or in excess of forty (40) hours in a week violates R.I. Gen. Laws § 28-12-3 of the RIMWA.

### Prayer for Relief

Plaintiff respectfully requests that the Court award the following relief against Defendants, jointly and severally:

1. Compensatory damages in the form of unpaid wages;

2. Equitable relief in the form of Defendants' matching portion of payroll/FICA taxes they failed to remit to the appropriate state and federal agencies on behalf of Plaintiff pursuant to R.I. Gen. Laws § 28-14-19.2(a);

3. Liquidated damages equal to two (2) times the amount of unpaid wages pursuant to R.I. Gen. Laws § 28-14-19.2(a) and liquidated damages equal to the amount of unpaid wages pursuant to 29 U.S.C. § 216(b);

4. Reasonable attorneys' fees and costs pursuant to R.I. Gen. Laws § 28-14-19.2(a); and 29 U.S.C. § 216(b); and

5. Any other relief which this Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

>Respectfully submitted,
>HERLIN PERRY,
>
>By his attorneys,
>
>/s/ Stephen J. Brouillard
>Stephen J. Brouillard, Esq. (6284)
>Bianchi Brouillard Sousa & O'Connell, P.C.
>56 Pine Street, Suite 250
>Providence, RI  02903
>Tel.  (401) 223 - 2990
>Fax.  (877) 548 - 4539
>sbrouillard@bbsolaw.com

**Dated**: October 20, 2020